IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CERVANTES-PRADO, | No. C 12-2500 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| MATTHEW CATE, Warden, | |
| Respondent. | (Docket No. 3) |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

## STATEMENT

In 2009, petitioner was sentenced in Santa Clara County Superior Court to a term of 60 years to life in state prison after a jury convicted him of two counts of violating Section 269 of the California Penal Code. The California Court of Appeal affirmed his conviction and sentence and the California Supreme Court denied his petition for review. His habeas petitions in all three levels of the California courts were also denied.

**ANALYSIS**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that: (1) there was insufficient evidence to support his conviction, specifically on the element that the offense was accomplished by violence, force, duress or malice; (2) the trial court failed to instruct the jury on the lesser-included offense of battery; (3) insufficient evidence supported the conviction, violating petitioner's right to due process; (4) he received ineffective assistance of counsel; (5) prosecutorial misconduct violated his right to due process; (6) his actual innocence excuses his procedural default; (7) an excessive restitution fine violated his right to due process; and (8) the state courts improperly denied his requests for an evidentiary hearing, and he is entitled to such a hearing in federal court.

The first and third claims appear to be the same, and as such can be addressed jointly. Petitioner's sixth claim will be addressed in the event that respondent argues that any of petitioner's claims have been procedurally defaulted. Petitioner's seventh claim is not cognizable because it does not satisfy the custody requirement of Section 2254(a). To satisfy

1  this requirement, success on claim must result in a change in the restraint on the petitioner's

2  liberty. *Bailey v. Hill*, 599 F.3d 976, 978-80 (9th Cir. 2010).  Challenges to restitution do not

3  satisfy this requirement. *See id.* at 980.  The seventh claim will be dismissed.  Petitioner's

4  eighth claim does not assert an independent grounds for federal habeas relief, but rather consists

5  of an argument that petitioner is entitled to an evidentiary hearing.  Respondent will address that

6  argument.  The remaining claims, when liberally construed, are cognizable.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

3

United States District Court
For the Northern District of California

1  pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772
2  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).
3      5. The application for leave to proceed in forma pauperis (docket number 3) is
4  **GRANTED** in light of petitioner's lack of funds.
5      **IT IS SO ORDERED.**

7  Dated: June   11   , 2012.
                 WILLIAM ALSUP
8                UNITED STATES DISTRICT JUDGE

14  N:\CERVANTES2500.OSC.wpd

4