IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUIS CERVANTES-PRADO,

    Petitioner,

    v.

MATTHEW CATE, Warden,

    Respondent.

No. C 12-2500 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner, a California prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. 2254, seeking relief from his conviction in state court. Respondent filed an answer with a supporting memorandum of points and authorities. Petitioner did not file a traverse. For the reasons set forth below, his petition is **DENIED**.

## STATEMENT

In October 2008, a Santa Clara County Superior Court jury found petitioner guilty of two counts of aggravated sexual assault of a child under 14 by rape. The victim, his biological daughter, was born in December 1991. According to her testimony, on ten separate occasions between November 1996 and April 1998 her father removed her clothing, lay on top of her, and inserted his penis into her vagina. He told her not to tell anyone, especially not her mother, and she complied because she was afraid (Pet. Exh. E).

Petitioner was sentenced to a term of 60 years to life in state prison — 15 years for each

1  of the two counts, doubled under California's "Three Strikes" law. On appeal, his conviction
2  was affirmed. The California Supreme Court denied petitions for review and for a writ of
3  habeas corpus. This petition followed.

4  As grounds for federal habeas relief, petitioner claims (1) there was insufficient
5  evidence that he committed rape by means of force or duress; (2) the trial court failed to instruct
6  the jury on the lesser-included offense of battery; (3) he suffered ineffective assistance of
7  counsel at trial; and (4) the prosecution failed to disclose *Brady* evidence. In addition, he
8  requests an evidentiary hearing.

**ANALYSIS**

**I.  STANDARD OF REVIEW**

A writ of habeas corpus may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000), whereas the second prong applies to decisions based on factual determinations. *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003). In any case, a federal court may not issue a writ simply because it concludes in its independent judgment that the relevant state-court decision incorrectly applied clearly established federal law or wrongly determined the facts of the case. Rather, the state-court's adjudication must be also unreasonable. *Williams,* 529 U.S. at 411.

**II.  ISSUES PRESENTED**

**A.  Insufficient Evidence**

Petitioner claims that there was insufficient evidence to support the jury's finding that he committed rape against the victim's will by means of force or duress. He argues that (1) the record is devoid of any evidence indicating that the force he used was different from that which might accompany consensual sex, and (2) there is no evidence that he compelled his daughter's

participation by implied threat.

Federal review of a state court's conviction must begin "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Accepting state law, a federal court must then determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted. *Id*. at 324. In other words, the only question this Court need ask under *Jackson* "is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

In this case, the jury was instructed to decide whether petitioner used force, fear, or threat in a way that overcame the victim's free will, not whether his use of force, fear, or threat overcame her physical strength or ability to resist. *See* CALCRIM No. 1000. If the jury's verdict was based upon a finding that force was used, it was required to distinguish between the kind of force that might accompany consensual sex and the kind that overrides an individual's free will. *See People v. Bolander*, 23 Cal. 4th 155, 161 (1994).

Any rational trier of fact could have relied upon the victim's testimony to find beyond a reasonable doubt that petitioner overcame her free will. The victim testified that on ten separate occasions when she was between the ages of five and seven her father removed her clothing, lay on top of her, and inserted his penis into her vagina. According to her testimony, moreover, he did not stop when she said it hurt. He also told her not to tell anyone, especially not her mother, which frightened her into submission. Such evidence makes it clear that the victim did not openly or voluntarily consent to sex with her father. He was bigger, older and more savvy than she was, and he exploited those circumstances to have intercourse with her against her will. Based on this evidence, the jury could rationally conclude that petitioner used force or fear to overcome her free will. Because the jury's finding of forcible rape was not "so insupportable as to fall below the threshold of bare rationality," *Coleman*, 132 S. Ct. at 2065, petitioner's claim fails.

3

### B. Instruction on Battery

Petitioner claims that the trial court erred in failing to instruct the jury on the lesser-included offense of battery. He argues that the court was obligated to do so because the prosecution had not clearly established all elements of the greater offense. The failure of a state trial court to instruct the jury on a lesser-included offense in a non-capital case does not present a federal constitutional claim. *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000). In other words, federal law does not require that a jury in a non-capital case receive instructions on any lesser-included offense. Therefore, petitioner is not entitled to habeas relief on this claim.

### C. Ineffective Assistance of Counsel

Petitioner claims that he suffered ineffective assistance of counsel because his trial lawyer failed to (1) investigate a potential witness, (2) retain an expert witness, and (3) obtain a videotape copy of the victim's Sexual Assault Response Team (SART) examination.

To prevail on this claim, petitioner must show through evidentiary proof that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). He must also show that he suffered prejudice, meaning that there was a reasonable probability that but for counsel's unprofessional errors the result of his trial would have been different. *Ibid.*

#### 1. Failure to Investigate

Petitioner argues that his trial lawyer should have investigated the identity and whereabouts of a person named "Andrew." He points to the transcript of the victim's first interview with an officer from the San Jose Police Department (Pet. Exh. J). The transcript contains a single reference to a person named "Andrew" by the victim, who was six years old at the time, when she confirmed that petitioner would remove her pants before molesting her.

A defense attorney has a general duty to make reasonable investigations. *Strickland*, 466 U.S. at 691. However, the duty to investigate does not require that every conceivable witness be interviewed, *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001), and mere speculation that a witness might have given helpful information is not enough to establish a claim of ineffective assistance, *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir. 1995). Rather, the claimant must show that a particular witness was likely

4

to give testimony such that the jury could have reached a more favorable verdict. *Alcala v. Woodford*, 334 F.3d 862, 872–73 (9th Cir. 2003).

Here, petitioner has not shown that "Andrew" was likely to give testimony favorable to him, or even that a person named "Andrew" even exists. The police investigation did not turn up any person named "Andrew" or suggest that a third party could have been the rapist, there was no other mention of an "Andrew" in the police reports or interview transcripts, and there was no evidence that someone named "Andrew" knew or had access to the victim. Under those circumstances, no reasonable attorney would have found it necessary to investigate the existence of a person based on a single mention in the transcript of an interview in which the victim repeatedly identified petitioner as the perpetrator. Petitioner's claim is based solely upon his speculation that a person named "Andrew" would have helped his case. This is not sufficient to satisfy either prong of *Strickland*, *see Allen v. Woodford*, 395 F.3d 979, 1002 n.2 (9th Cir. 2004), and this claim is therefore denied.

### 2. Failure to Retain An Expert

Petitioner also claims that his lawyer should have hired an expert witness to contradict the testimony of the prosecution's SART examiner Mary Ritter. Petitioner has not shown that any expert witness would have contradicted Ritter or provided testimony more helpful to him. Indeed, Ritter did not provide incriminating testimony as she testified that the SART examination did not produce "definite physical evidence of penetrating trauma" (Pet. Exh. E). There was therefore no need for counsel to provide a contradicting expert, even if one had existed. Where the evidence does not warrant it, the failure to call an expert does not amount to ineffective assistance of counsel. *Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999). Accordingly, this claim fails.

### 3. Failure to Obtain Videotape

Petitioner also claims that his lawyer's failure to obtain a videotape of the SART examination precluded the defense from contradicting the examiner's testimony. Petitioner offers no evidence that such a videotape exists, nor does he explain why it would have contradicted the examiner's testimony or led to a more favorable outcome. As previously

5

1  noted, the examiner did not provide incriminating testimony because she did not find any
2  definite evidence of penetrating trauma. Because there is no indication that a videotape exists
3  or that it would have helped petitioner, this claim also fails.

### D. Suppression of Evidence

Petitioner alleges that the prosecution suppressed the identity of "Andrew" and a videotape of the SART examination. In *Brady v. Maryland*, the Supreme Court ruled that the suppression of evidence, so long as it is favorable to the accused, violates due process when the evidence is material to guilt or punishment. 373 U.S. 83, 87 (1963). A *Brady* claim will succeed only if (1) the suppressed evidence was favorable to the accused, because it was exculpatory or impeaching; (2) the prosecution suppressed the evidence, either willfully or inadvertently; and (3) prejudice resulted. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

In this case, petitioner offers no evidence that the prosecution suppressed the identity of "Andrew" or a videotape of the SART examination. In fact, he offers no evidence that either "Andrew" or the videotape exists. Moreover, as discussed above, he has not shown that either one would have been helpful to his case. Because petitioner has failed to show that the prosecution willfully or inadvertently suppressed exculpatory evidence, this claim must be denied.

### E. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing in order to establish the identity of "Andrew" and acquire a videotape copy of the SART examination. A district court may not hold an evidentiary hearing on a claim for which a petitioner failed to develop a factual basis in state court unless the petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. 2254(e)(2).

Here, petitioner has failed to satisfy his burden of proof under 28 U.S.C. 2254(e)(2).

Specifically, he has not proven, nor can he, that the factual predicate for his claims could not have been previously discovered through the exercise of due diligence. The record shows that petitioner was aware of the relevant facts such that he could have developed the factual basis for these claims in state court, but that he did not exercise due diligence in attempting to do so. Moreover, this court may not take into consideration new evidence in deciding whether the state court's decision was contrary to or an unreasonable application of federal law or involved an unreasonable determination of the facts under 28 U.S.C. 2254(d), *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), which is the purpose of the evidentiary hearing that petitioner requests. Consequently, petitioner's request for an evidentiary hearing is denied.

## CONCLUSION

For the reasons described above, the petition for a writ of habeas corpus is **DENIED**. A certificate of appealability will not issue. *See* 28 U.S.C. 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: April 1, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\CERVANTES2500.RUL.wpd

7